UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHROEDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIILL PETROLEUM, INC.; B.N. KARMA, INC.,<br><br>　　　　Defendants. | No. 2:16-cv-00239-MCE-DMC<br><br><br>**ORDER** |

This lawsuit was brought by Plaintiff William Schroeder ("Plaintiff") under the provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code §51 et seq. and § 54 et seq.) on grounds that Defendants Gill Petroleum, Inc.[1] ("Defendant"), who allegedly owns and/or operates a business establishment known as Lakeside Market & Gas ("Market") located in Oroville, California, failed to provide accessible transaction counters, accessible point-of-sale machines, an accessible path or travel, and accessible parking at the Market.

Presently before the Court is Plaintiff's Motion for Summary Judgment made on grounds that Plaintiff is entitled, as a matter of law, to both injunctive relief remediating the above-enumerated access barriers and statutory damages in the amount of $4,000.

---

[1] Default was entered against the remaining named defendant, B.N. Karma, Inc. on April 4, 2016. ECF No. 9.

1

Examination of the papers submitted in connection with Plaintiff's Motion reveals a fundamental factual dispute precluding summary judgment. Plaintiff, who is paralyzed from the waist down, cannot walk and uses a wheelchair for mobility, claims he visited the Market on January 11, 2015 to buy gas and food. Pl.'s Statement of Undisputed Fact ("SUF") Nos. 1, 5. He states that he found the transaction counter, and the point-of sale machines placed on top of that counter, too high to use. Id. at Nos. 6-8, 10-11.

On December 11, 2015, nearly a year later, Plaintiff counsel's investigator, Erik Stark, visited the Market and claims to have verified the transaction counter and point-of-sale machine violations encountered by Plaintiff. Id. at No. 16. He also found alcohol display aisles open to cashiers behind the cashier that narrowed the path of travel to less than 34 inches in some areas. Id. at No. 18. Finally, he states he did not find any parking space marked reserved for use by persons with disabilities. Id. at No. 19.

Plaintiff's own declaration states that photographs taken by Mr. Stark on December 11, 2015 (Exhibit 11 to Pl.'s Mot.) "truly and accurately depict the inaccessible conditions [he] encountered." Decl. of William Schroeder, ECF No. 36-5, ¶ 13. There are four photos purporting to depict the transaction counter area, and Plaintiff's Declaration confirms that those counter and point-of sale-machine issues were the only accessibility issues he actually encountered during his single visit to the Market. Id. at ¶¶ 3-12.

Defendant, on the other hand, states by way of Opposition that the photographs taken by Mr. Stark, which Plaintiff says show the barriers to access he confronted, in fact depict a liquor store on the premises, and not the Market. According to Defendant's Property Manager, Jake Albright, the Market is located some 200 feet north of the liquor store, and Albright states that Stark inspected the wrong premises. Stark Decl., ECF No. 38-3, ¶¶ 3-4. Albright goes on to state that in the latter part of 2015, presumably after Plaintiff allegedly visited the premises, the liquor store was moved to a different area of the building with a different counter installed. Significantly, Plaintiff's Reply makes no attempt whatsoever to respond.

Any attempt to sort out these discrepancies obviously involves a determination of factual issues going beyond the purview of summary judgment, which is proper only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Just what actual barrier to access Plaintiff may have encountered, if any, is far from clear at this juncture. Without having established as a matter of law that Plaintiff in fact encountered even a single barrier to access, Plaintiff cannot also claim entitlement to remediate other later-identified barriers to his potential future access, like the parking, slope, and path of travel deficits discussed at various places in his papers.[2] See Doran v. 7-Eleven, Inc., 524 F.3d 1034. 1043-44 (9th Cir. 2008). Finally, to make matters even more confused, it appears that most of those issues have already been resolved in any event. Plaintiff's Reply suggest that the own barrier not yet remediate is an excessive slope issue (ECF No. 42, 5:10-11) that may not even be amenable to accommodation issues because of storm runoff logistics. See Def.'s Response to Pl.'s SUF No. 28.

For all of these reasons, Plaintiff's Motion for Summary Judgment (ECF No. 36) is DENIED.[3]

IT IS SO ORDERED.

Dated: July 18, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] In addition to Stark's December 11, 2015, investigation discussed above, Plaintiff also had a second investigator, Tim Wegman, inspect the premises on February 28, 2018. SUF No. 18. Additionally, an expert retained by Plaintiff, Gary Waters, conducted his own inspection on October 24, 2018. Id. at No. 24. These additional alleged barriers were apparently identified during those inspections.

[3] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g). In addition, while the Court notes that Plaintiff has interposed objections to the Jake Albright's deposition transcript and the declaration he submitted in support of this Motion, the Court did not rely on the transcript in deciding this matter and consequently need not rule on any objection thereto. To the extent the Court did rely on portions of Mr. Albright's declaration, however, those objections are OVERRULED.